FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2013 MAR -4 AM 9:42



# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Guardianship of | No. 66853-6-I |
| SPENCER DOLDER, | |
| An Incapacitated Person. | DIVISION ONE |
| ALIXANDRA LIBIN, | |
| Appellant, | |
| v. | |
| STATE OF WASHINGTON, DEPARTMENT OF SOCIAL AND HEALTH SERVICES, | UNPUBLISHED OPINION |
| Respondent. | FILED: March 4, 2013 |

PER CURIAM — Alixandra Libin appeals a vulnerable adult protection order entered on behalf of her developmentally disabled son, Spencer Dolder. She primarily challenges a guardianship order entered prior to the protection order. Because Libin did not timely appeal the guardianship order, and because the protection order expired on February 18, 2012, we dismiss her appeal as moot.

In July 2010, the Department of Social and Health Services filed a guardianship petition on Spencer's behalf in Skagit County Superior Court. The court appointed a guardian ad litem who performed an investigation and prepared a report for the court. The report concluded that Libin was not the best

person to serve as Spencer's guardian and instead recommended a professional guardian.

On January 7, 2011, following a hearing, the court entered an "Order Appointing Guardian." The court found Spencer to be an incapacitated person under RCW 11.88 and appointed the guardian recommended by the guardian ad litem. Libin attended the hearing and provided an oral statement to the court. She was not a party to the proceedings, however, and did not appeal the court's order.

On February 18, 2011, the court granted the Department's separate petition under a separate cause number for a vulnerable adult protection order. The order limited Libin's contact with Spencer to supervised visits. The court also consolidated the protection and guardianship causes under the guardianship cause number. This order was entered after the time for appealing the January 7, 2011 order had expired.

On March 17, 2011, Libin timely appealed the February 18, 2011 protection order. Her notice of appeal stated that she sought review "of the Vulnerable Adult Protection Order . . . which is based on inaccurate allegations in the Petition For Guardianship." The notice did not purport to seek review of the January, 2011 order appointing Spencer's guardian.

## DECISION

Libin's arguments on appeal are devoted almost entirely to the unappealed order appointing a guardian and not to the order of protection referenced in her notice of appeal. The Department contends the appeal must

be dismissed because Libin did not appeal the guardianship order and her appeal of the protection order is moot. We agree with the Department.

An order appointing a guardian is appealable as a matter of right. RAP 2.2(a)(7). It is undisputed that Libin did not timely appeal the order appointing the guardian and that the protection order she did appeal expired on February 18, 2012. The Department correctly points out that the appeal from the expired order is therefore moot because this court cannot afford Libin effective relief.[1] Libin offers no persuasive basis for concluding otherwise.

Libin also asks this court to excuse her failure to timely appeal the order appointing a guardian because she made unsuccessful efforts to secure counsel and was forced to handle her appeal pro se. Such circumstances do not, however, demonstrate the "extraordinary circumstances" required for an extension of time to file a notice of appeal. RAP 18.8(b). Pro se litigants are held to the same standards as attorneys and must comply with all procedural rules. In re Marriage of Olson, 69 Wn. App. 621, 626, 850 P.2d 527 (1993).[2]

In light of the above, we need not reach the Department's motion to strike or Libin's motion to supplement the record.

The appeal is dismissed as moot.

_Dymond._

_Schindler._

_Cox, J._

---

[1] Burd v. Clarke, 152 Wn. App. 970, 973, 219 P.3d 950 (2009).
[2] We note that Libin is not without remedies. Under RCW 11.88.120(2), she may move at any time "to modify or terminate a guardianship or to replace a guardian."

3